**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4152**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARVIN ANTOIN DUCKETT, a/k/a Marvin A. Duckett, a/k/a
Marvin Antoine Duckett, a/k/a Marvin Antwon Duckett,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District
Judge.  (8:10-cr-00189-AW-1)

Submitted:  November 13, 2012        Decided:  November 15, 2012

Before NIEMEYER, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gerald C. Ruter, THE LAW OFFICES OF GERALD C. RUTER, P.C.,
Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United
States Attorney, Adam K. Ake, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Antoin Duckett appeals from the criminal judgment imposed after he pleaded guilty to conspiracy to distribute and possess with the intent to distribute at least 100 grams of PCP or at least one kilogram of a mixture or substance containing a detectable amount of PCP. He received a 240-month sentence. Duckett challenges the voluntariness of his guilty plea.

Duckett executed a written plea agreement that provided in part that he would be able to appeal the sentence imposed if it was above the high end of the Sentencing Guidelines range and that the Government could appeal a sentence below the low end of the Guidelines range. At the Fed. R. Crim. P. 11 hearing, Duckett's attorney asserted that Duckett would be able to appeal from the sentence imposed if he argued for a downward variance. The district court quickly informed counsel that he was mistaken. Counsel had a brief off-the-record discussion of the issue with Duckett. The court then confirmed on the record that Duckett understood that he could not appeal from a sentence that did not meet his request for a downward variance or was below the applicable Guidelines range. Duckett stated that he agreed.

On appeal, Duckett contends that his plea was unknowing and involuntary because he did not entirely understand

the appeal waiver and that he did not have sufficient time to understand the ramifications of the appeal waiver since, first, he entered into the agreement the same day that he entered his plea and, second, the off-the-record discussion was brief. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). This court reviews de novo whether a defendant has effectively waived the right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

To determine whether a waiver is knowing and intelligent, this court examines the totality of the circumstances, including the accused's experience, conduct, educational background, and familiarity with the plea agreement's terms. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if a court fully questions a defendant regarding the appellate waiver during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, this court will refuse to enforce an otherwise valid waiver if

enforcing the waiver would result in a miscarriage of justice. Id.

After reviewing the materials on appeal, including the Rule 11 hearing transcript, we conclude that Duckett's guilty plea was knowing and voluntary. The language of the waiver is clear and unambiguous. The terms of the plea agreement waive the right to appeal "whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range . . .)" except that the Defendant may appeal any sentence that "exceeds the high end of the applicable guideline range" and the Government reserved the right to appeal from a sentence below the low end of the applicable guideline range. Moreover, after counsel's misunderstanding during the Rule 11 colloquy, the court questioned Duckett specifically regarding the misunderstood provision of the waiver. Duckett affirmed that he understood the terms of the appellate waiver. The guilty plea was therefore knowing and voluntary.

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4